

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TH:AP
F. #2023R00202

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 15, 2024

By ECF

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thierno Marifou Bah
                 Criminal Docket No. 23-201 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in advance of the defendant Thierno Marifou Bah's sentencing, currently scheduled for November 25, 2024. On March 8, 2024, the defendant pled guilty to the sole count of the indictment, charging him with illegally reentering the United States after a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the reasons set forth below, the government respectfully submits that a sentence of probation is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

I.    Background

      A.    The Defendant's Prior Conviction

      The defendant was convicted of first-degree rape in Kings County following a violent encounter with a female victim ("Jane Doe-1") on March 18, 2023. Presentence Investigation Report, dated September 9, 2024 ("PSR") ¶ 19. On that date, the defendant and Jane Doe-1 were at the defendant's home in Brooklyn watching a movie. The defendant asked Jane Doe-1 for a kiss but she refused. Jane Doe-1 began to leave the defendant's home but the defendant blocked her path by pushing and punching her. He then pushed Jane Doe-1 to the ground and placed his hands around Jane Doe-1's neck causing her to believe that she would lose consciousness. The defendant forcibly removed Jane Doe-1's pants and inserted his penis into her vagina without her consent. Jane Doe-1 later reported the rape to police and was treated at a local hospital for lacerations to her face, arms, body, legs and hands. On January 5, 2015, the defendant pled guilty to first-degree rape and was sentenced to five years' imprisonment. PSR ¶ 3. In June 2017, the defendant was ordered deported from the United States and eventually removed to his native Guinea on November 14, 2017. PSR ¶ 3.

    B.  The Defendant's Conduct

On March 5, 2023, the defendant arrived at JFK on a flight from Morrocco. PSR ¶ 4. Upon arrival to the United States, a search of law enforcement databases revealed that the defendant had been previously deported and removed from the United States. PSR ¶ 4. The defendant was detained by law enforcement officers with the U.S. Customs and Border Protection ("CBP") and subsequently released on bond at arraignment. PSR ¶ 4. Within days, however, the defendant was taken into custody by the U.S. Immigration and Customs Enforcement ("ICE") until his release on bail seven months later on October 11, 2023. PSR ¶ 4.

    C.  The Defendant's Current Immigration Status

On August 29, 2023, the Honorable Jennifer Piateski, Immigration Judge, Elizabeth Immigration Court, determined that the defendant satisfied his burden of proof in immigration court to establish that it was more likely than not that he would be tortured if removed to his country of origin and, as such, deferred the defendant's removal under the Convention Against Torture. PSR ¶ 39. The defendant is subject to indefinite supervision by ICE.

II.  Applicable Guidelines Range

The government and the defendant agree with the Guidelines calculation set forth in the PSR:

| | | |
|---|---|---|
| Base Offense Level (U.S.S.G. § 2L1.2(a)) | | 8 |
| Plus: | Reentry following conviction for felony offense for which sentence imposed was five years or more (U.S.S.G. § 2L1.2(b)(2)(A)) | +10 |
| Less: Acceptance of Responsibility (U.S.S.G. § 3E1.1) | | -3 |
| Total: | | <u>15</u> |

PSR ¶¶ 8-15. The total offense level is 15, which, based on a Criminal History Category of II, carries a Guidelines range of 21 to 27 months in custody. PSR ¶ 69.

III.  Analysis

The government respectfully requests that the Court impose a sentence of probation. Such sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). As the Court is aware, an appropriate sentence should, among other things, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). In addition, an appropriate sentence should consider the history and characteristics of the defendant, see id. § 3553(a)(1), and should afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner, id. § 3553(a)(2)(B)-(D). In weighing these factors, "a district court has broad latitude to 'impose

either a Guidelines sentence or a non-Guidelines sentence.'" United States v. Rigas, 583 F.3d 108, 114 (2d Cir. 2009) (quoting United States v. Sanchez, 517 F.3d 651, 560 (2d Cir. 2008)).

As an initial matter, the nature and circumstances of the instant offense are serious. See 18 U.S.C. § 3553(a)(1). This factor should, however, be evaluated in light of the reasons that motivated the defendant to re-enter the United States illegally last year. As set forth in the PSR, the defendant suffered periods of political persecution that resulted in torture in his native country.

Here, the Section 3553 factors and the compelling mitigation presented by the defendant weigh in favor of leniency. Therefore – in analyzing this mitigation in conjunction with the seriousness of the offense and the need for the imposed sentence to promote respect for the law and to afford adequate deterrence – the government respectfully submits that a sentence of probation is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

IV.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of probation.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:    /s/ Andrés Palacio
        Andrés Palacio
        Assistant U.S. Attorney
        (718) 254-6215

cc:   Clerk of Court (by ECF)
      Deirdre Von Dornum, Esq. (by ECF)
      Cheyanne S. Ralph (United States Probation Officer) (by E-mail)